SIENER v STATE OF MICHIGAN

Docket No. 56406. Submitted April 13, 1982, at Lansing.—Decided June 10, 1982.

Plaintiff Russell Siener, Jr., an inpatient at the defendant Hawthorne Center, brought a negligence action in the Court of Claims against the State of Michigan, the center, and the Michigan Department of Mental Health alleging that the injuries he received when struck by another patient while on a field trip were the result of the defendants' failure to properly supervise and control the group of patients to which plaintiff was assigned. The Court of Claims, Thomas L. Brown, J., denied the center's motion for summary judgment based on governmental immunity. The center appeals, by leave granted, from the order denying its motion. *Held:*

1. The center's claim of governmental immunity is a valid one, therefore, the motion for summary judgment should have been granted.

2. The field trip involved both recreational and educational value directly related to the effective care of emotionally disturbed children. This activity was in furtherance of the center's governmental function of caring for, treating, and rehabilitating the children within its charge, and the center was, therefore, entitled to governmental immunity under the governmental immunity statute.

3. The operation of a public mental health facility specifically designed to care for the needs of emotionally disturbed children is a governmental function within the meaning of the governmental immunity statute.

4. Plaintiff's argument that an exception to governmental immunity is created by MCL 300.1722; MSA 14.800(722) of the Mental Health Code fails on two grounds. First, it was not the intention of the Legislature in enacting the statute to abolish

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 40 Am Jur 2d, Hospitals and Asylums § 20.
Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.
[3, 4] 40 Am Jur 2d, Hospitals and Asylums § 14.
41 Am Jur 2d, Incompetent Persons § 105.

governmental immunity in a case where one patient attacks another. Second, even if the statute were read to speak to abuse suffered at the hands of another patient, it still fails to provide an exception to governmental immunity. Since a public mental health facility is immune from tort liability when engaged in the exercise or discharge of its governmental function the damages sought in a tort action do not constitute the "appropriate civil relief" provided by the statute.

Order vacated and remanded.

1. GOVERNMENTAL IMMUNITY — MENTAL HEALTH FACILITIES — GOVERNMENTAL FUNCTIONS.

The operation of a public mental health facility specifically designed to care for the needs of emotionally disturbed children is a governmental function within the meaning of the governmental immunity statute (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — MENTAL HEALTH FACILITIES — FIELD TRIPS — GOVERNMENTAL FUNCTIONS.

A field trip involving both recreational and educational value directly related to the effective care of emotionally disturbed children is an activity for which a public mental health facility is entitled to governmental immunity under the governmental immunity statute where the activity is conducted in furtherance of the facility's governmental function of caring for, treating, and rehabilitating the children within its charge (MCL 691.1407; MSA 3.996[107]).

3. MENTAL HEALTH — ABUSE OF PATIENTS — GOVERNMENTAL IMMUNITY.

The Mental Health Code provision regarding the prohibition of abuse of recipients of mental health services is intended to prevent the staff of a mental health care facility from abusing the patients in their care; the provision is not intended to abolish governmental immunity in those cases where one patient attacks another (MCL 330.1722; MSA 14.800[722]).

4. MENTAL HEALTH — ABUSE OF PATIENTS — GOVERNMENTAL IMMUNITY.

The Mental Health Code provision regarding the prohibition of abuse of recipients of mental health services does not provide an exception to governmental immunity when it extends the right to "appropriate civil relief" to an abused recipient (MCL 330.1722; MSA 14.800[722]).

*David B. Grant, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan F. Hoffman,* Assistants Attorney General, for defendants.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. On July 8, 1976, plaintiff Russell Siener, Jr., an inpatient at the Hawthorne Center (hereinafter the center), a state mental health facility for emotionally disturbed children, was taken by personnel of the center, in the company of other patients, on a field trip to Greenfield Village in Dearborn, Michigan. While there, Siener was seriously injured when struck in the face with a cast-iron pot lid wielded by another patient of the center.

Plaintiff brought a negligence action in the Court of Claims alleging that defendant center failed to properly supervise and control the group of patients to which plaintiff was assigned.

Defendant center appeals the denial of its motion for summary judgment based on governmental immunity. In denying the motion, the Court of Claims judge refused to apply the holding in *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), *app dis* 444 US 804; 100 S Ct 24; 62 L Ed 2d 17 (1979), which determined that the operation of a state mental health facility generally is within the state's immunity for purposes of governmental tort liability.

We hold that defendant center's claim of governmental immunity is a valid one and, thus, the motion for summary judgment should have been granted.

In *Perry,* the Michigan Supreme Court held that the operation of a state mental hospital is a gov-

ernmental function within the meaning of the governmental immunity statute, MCL 691.1407; MSA 3.996(107):

"Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In his concurrence in *Perry,* Justice MOODY reasoned:

"Government plays a pervasive role in the area of mental health. This state's annual budget includes a substantial appropriation in this field. See, *e.g.,* 1978 PA 407. Our Legislature has declared as public policy, 'that services for the care, treatment, or rehabilitation of those who are seriously mentally handicapped shall always be fostered and supported.' MCL 330.1116; MSA 14.800(116). See also Const 1963, art 8, § 8.

"Furthermore, to advance this public policy the Legislature has mandated the courts to provide for proper civil and criminal disposition of persons who have serious mental disease. See MCL 330.1400 *et seq.;* MSA 14.800(400) *et seq.;* MCL 330.2050; MSA 14.800(1050). Access to public mental hospitals is essential to effectively process probate and circuit court commitment proceedings. Clearly, the number of private mental hospitals available to the judiciary to deal with the substantial institutional needs of the public is inadequate.

"The day-to-day care by an attendant, physician or other employee on the staff of a mental hospital represents a governmental function furthering the public need to segregate, treat and rehabilitate citizens suffering from mental disease who cannot otherwise care for

themselves and who often are committed voluntarily or involuntarily through governmental action.

"Accordingly, as public mental hospitals perform an essentially unique activity mandated by legislative action, immunity must be extended as a governmental function under the statute. The proper planning and carrying out of this function can effectively be accomplished only by the government. The function is essentially governmental." 404 Mich 213-214.

This conclusion is no less true for a public mental health facility specifically designed to care for the needs of emotionally disturbed children.

Service of the public need to care for, treat and rehabilitate emotionally disturbed minor citizens necessarily involves supervised activities, including outings and field trips, which have therapeutic value and serve to condition patients for possible return to the community.

This Court has upheld a grant of summary judgment based on governmental immunity in favor of the state and the Department of Social Services in *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982), a tort action brought after a minor resident of a state juvenile care facility for delinquent and neglected youths drowned while on a supervised swimming outing. In finding that the outing was a governmental function, the Court stated:

"Recreational activities such as a swimming outing are directly related to 'an effective program of out-of-home care for delinquent or neglected children'." *Id.,* 37.

In the instant case, the field trip to Greenfield Village involved both recreational and educational value directly related to the effective care of emotionally disturbed children. This activity was con-

ducted in furtherance of defendant center's governmental function of caring for, treating, and rehabilitating the children within its charge, and was, therefore, subject to governmental immunity under the statute.

Plaintiff next argues that an exception to the governmental immunity statute is created by MCL 330.1722; MSA 14.800(722) of the Mental Health Code which provides:

"Sec. 722. (1) A recipient of mental health services shall not be physically, sexually, or otherwise abused.

"(2) The governing body of each facility shall adopt written policies and procedures designed to protect recipients of mental health services from abuse and to prevent the repetition of acts of abuse. The policies and procedures shall more particularly define abuse, shall provide a mechanism for discovering instances of abuse and for reviewing all charges of abuse, shall ensure that firm and appropriate disciplinary action is taken against those who have engaged in abuse, and shall contain those additional provisions deemed appropriate by the governing body.

"(3) A facility shall cooperate in the prosecution of appropriate criminal charges against those who have engaged in unlawful abuse.

"(4) Any recipient of mental health services physically, sexually, or otherwise abused shall have a right to pursue injunctive and other appropriate civil relief."

We reject this contention on two grounds. First, this Court in *Rocco v Michigan Dep't of Mental Health,* 114 Mich App 792; 319 NW2d 674 (1982), held that, because the primary purpose of the Mental Health Code is to protect the patient from certain abuses by the mental health facility or its staff, the statute in question, MCL 330.1722; MSA 14.800(722), was intended by the Legislature to prevent the staff of a mental health care facility

from abusing the patients in their care. The Court in *Rocco* specifically found that it was not the intention of the Legislature in enacting MCL 330.1722; MSA 14.800(722) to abolish governmental immunity in those cases where one patient attacks another. Plaintiff's injuries in the instant case were inflicted by a fellow patient, not by an employee of the center.

Second, even if MCL 330.1722; MSA 14.800(722) were to be read to speak to abuse suffered at the hands of another patient, it still fails to provide an exception to governmental immunity. Subsection (4) extends the right to "appropriate civil relief" to an abused recipient. Because a public mental health facility is immune from tort liability when engaged in the exercise or discharge of its governmental function, MCL 691.1407; MSA 3.996(107), damages sought in a tort action do not constitute "appropriate civil relief" and, thus, may not be included even under this hypothetical reading.

We, therefore, vacate the Court of Claims order denying defendant's motion for summary judgment and remand for further proceedings in accordance with this opinion. We do not retain jurisdiction.