DOCKWEILER v WENTZELL

Docket No. 97044. Submitted November 4, 1987, at Grand Rapids. Decided February 8, 1988. Leave to appeal applied for.

Kathy Dockweiler was treated for a nervous and emotional disorder by James Wentzell, a staff psychologist at Allegan County Mental Health Services, Inc (ACMHS). Dockweiler brought an action in Allegan Circuit Court against Wentzell, ACMHS and Allegan County, alleging that, during the course of her treatment, Wentzell made numerous sexual advances toward her and that he had sexually assaulted her on one occasion. Against ACMHS and Allegan County (hereafter defendants), plaintiff alleged, inter alia, violations of the Civil Rights Act and the Mental Health Code. The trial court, George R. Corsiglia, J., granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim on which relief can be granted with regard to her claims under the Civil Rights Act, and that governmental immunity barred her claims under the Mental Health Code. Plaintiff appealed.

The Court of Appeals held:

1. Plaintiff did not sufficiently allege a claim under § 302(a) of the Civil Rights Act for a gender-based denial of the full and equal enjoyment of a public service provided by defendants.

2. Plaintiff did not allege that Wentzell's actions toward her were made a condition of obtaining public services at ACMHS, used as a factor in any decision affecting her receipt of public services at ACMHS, or that they had the effect of substantially interfering with the public services rendered to her at ACMHS. Thus, plaintiff has not alleged sexual harassment deemed as sexual discrimination under § 103(h) of the Civil Rights Act.

3. A tort claim for damages does not constitute appropriate

REFERENCES

Am Jur 2d, Civil Rights §§ 154 et seq.

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

Liability of hospital or clinic for sexual relationships with patients by staff physicians, psychololgists and other healers. 45 ALR4th 289.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

civil relief under § 722 of the Mental Health Code, which provides that any recipient of mental health services who is physically, sexually, or otherwise abused shall have a right to pursue injunctive and other appropriate civil relief, since a public mental health facility is immune from tort liability where, as here, it is engaged in the exercise or discharge of its governmental function.

Affirmed.

1. CIVIL RIGHTS — DISCRIMINATION — MENTAL HEALTH FACILITIES — SEXUAL ASSAULT.

A claim under the Civil Rights Act for a gender-based denial of the full and equal enjoyment of a public service provided by a public mental health facility is not stated by a recipient of public mental health services who alleges sexual assault where it is not alleged that the recipient was denied access to services or that the recipient was not given a full opportunity to use the services provided to the public (MCL 37.2302[a]; MSA 3.548[302][a]).

2. CIVIL RIGHTS — DISCRIMINATION — MENTAL HEALTH FACILITIES — SEXUAL HARASSMENT.

A recipient of public mental health services is not a victim of sexual harassment, deemed as sexual discrimination under the Civil Rights Act, unless unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature are made a condition of obtaining services, used as a factor in any decision affecting the receipt of services, or have the effect of substantially interfering with services rendered (MCL 37.2103[h]; MSA 3.548[103][h]).

3. GOVERNMENTAL IMMUNITY — MENTAL HEALTH FACILITIES.

A public mental health facility is immune from tort liability when engaged in the exercise or discharge of its governmental function; a claim for damages against a public mental health facility when such facility is immune from tort liability is not appropriate civil relief within the meaning of the section of the Mental Health Code which provides that a recipient of mental health services who is physically, sexually, or otherwise abused shall have a right to pursue injunctive and other appropriate civil relief (MCL 330.1722[4], 691.1407; MSA 14.800[722], 3.996[107]).

*Ryan & Ryan* (by *William J. Ryan*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *T.*

*Joseph Seward* and *Marcia L. Howe*), for Allegan County Mental Health Services, Inc., and Allegan County.

Before: WAHLS, P.J., and BEASLEY and D. A. BURRESS,* JJ.

PER CURIAM. Plaintiff, Kathy Dockweiler, appeals as of right from a November 19, 1986, order of the Allegan Circuit Court granting a motion for summary disposition in favor of defendants Allegan County Mental Health Services, Inc. (ACMHS), and Allegan County. We affirm.

In her complaint, which was filed on June 30, 1986, plaintiff alleged that on June 26, 1984, she sought the professional services of ACMHS regarding treatment for a nervous and emotional disorder which was causing her to lose weight and fear eating. According to plaintiff, she was assigned by ACMHS to a staff psychologist and employee of ACMHS, James Wentzell, for treatment. Plaintiff alleges that during the eleven or twelve months she was being treated by Wentzell, the psychologist made sexual advances toward her in ACMHS offices which included "discussion of sexual gratification, threatening plaintiff with sexual assaults, embracing plaintiff, touching plaintiff in various parts of her body, including breasts and pelvic areas, and using methods of hypnosis and transference on plaintiff to accomplish the above outlined tortious acts." Plaintiff further alleges that on May 10, 1985, Wentzell arranged to meet her on the grounds of the Allegan State Forest, where he sexually assaulted her and had sexual intercourse with her.

Plaintiff's complaint sets forth several counts, including counts against Wentzell for professional

---

* Circuit judge, sitting on the Court of Appeals by assignment.

malpractice, assault and battery, intentional infliction of emotional distress, and violation of civil rights under the Civil Rights Act, MCL 37.2103(h) and 37.2302(a); MSA 3.548(103)(h) and 3.548(302)(a);[1] against ACMHS for professional malpractice, violation of civil rights, negligent maintenance of premises, negligent supervision, and violation of the Mental Health Code, MCL 330.1722; MSA 14.800(722); and against Allegan County for professional malpractice, violation of civil rights, negligent maintenance of premises, negligent supervision, and violation of the Mental Health Code. ACMHS and Allegan County filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (8) on September 19, 1986, and, after a hearing on the matter conducted on October 3, 1986, the Allegan Circuit Court granted summary disposition in favor of the movants regarding all counts against ACMHS and Allegan County.

First, plaintiff argues that the trial court erred in granting the motion for summary disposition pursuant to MCR 2.116(C)(8) concerning her claims based on the Civil Rights Act, MCL 37.2101 *et seq.*, MSA 3.548(101) *et seq.* The proper considerations for this Court's review of a grant or denial of a motion for summary disposition based on MCR 2.116(C)(8)—failure to state a claim on which relief can be granted—are well established:

---

[1] Actually, plaintiff did not specifically cite in her complaint the provisions of the Civil Rights Act upon which she based her claim for violation of civil rights. At the circuit court level, plaintiff relied on MCL 37.2302(a); MSA 3.548(302)(a), regarding the deprivation of the full and equal enjoyment of accommodations of a place of public service because of sex. At oral argument in this appeal, plaintiff enlarged discussion of this issue by relying on MCL 37.2103(h); MSA 3.548(103)(h), regarding sexual harassment. Defendants ACMHS and Allegan County were permitted, pursuant to a request at oral argument, to submit a supplemental brief on the newly raised authority by plaintiff.

The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). [*Ortiz v Textron, Inc,* 140 Mich App 242, 244; 363 NW2d 464 (1985).]

Initially, plaintiff contends that she stated a claim under MCL 37.2302(a); MSA 3.548(302)(a), which provides that "a person shall not . . . deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of . . . public service because of . . . sex . . . ." Assuming that ACMHS is a public service within the meaning of the statute, and assuming that all of the well-pled allegations in plaintiff's complaint are true, we agree with the circuit court that plaintiff has failed to state a claim under the Civil Rights Act.

Our review of plaintiff's complaint discloses that plaintiff did not sufficiently allege a claim for the denial of the full and equal enjoyment of a public service, i.e., any service provided to the public by ACMHS or Allegan County. Paragraphs one and two of plaintiff's complaint reveal that plaintiff was indeed given access to services at a mental health clinic; was given the full opportunity to use the services provided to the public; and was in fact provided with treatment by a staff psychologist at the clinic for a period extending over eleven or twelve months. That plaintiff was sexually abused by her assigned staff psychologist during her treat-

ment does not necessarily suggest that she was also denied the public services provided by ACMHS due to prejudices and biases against her because of her sex. In *Miller v C A Muer Corp,* 420 Mich App 355, 363; 362 NW2d 650 (1984), the Supreme Court observed: "The Michigan civil rights act is aimed at the 'prejudices and biases' borne against persons because of their membership in a certain class . . . and seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases." In *Safie Enterprises, Inc v Nationwide Mutual Fire Ins Co,* 146 Mich App 483, 495; 381 NW2d 747 (1985), this Court stated that, although the language of MCL 37.2302(a); MSA 3.548(302)(a) appears to be broad, "the intention behind the act was to insure equal access to places of accommodation and service." Thus, the statutory provision herein relied upon by plaintiff simply does not encompass the action alleged in plaintiff's complaint.[2]

Further, plaintiff's reliance on MCL 37.2103(h); MSA 3.548(103)(h) does not convince us that her claim falls within the ambit of the Civil Rights Act. That provision, which specifies that sexual harassment is included within discrimination based on sex, states:

> (h) Discrimination because of sex includes sexual harassment which means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when:
> (i) Submission to such conduct or communication is made a term or condition either explicitly or

---

[2] Our resolution of this issue—that plaintiff has failed to state a claim under MCL 37.2302(a); MSA 3.548(302)(a)—renders moot the issues whether ACMHS and Allegan County are "persons" under the act, MCL 37.2103(f); MSA 3.548(103)(f), and whether either of the defendants are entitled to governmental immunity, MCL 691.1407; MSA 3.996(107), from a claim made under the Civil Rights Act.

implicitly to obtain employment, public accommodations or public services, education, or housing.

(ii) Submission to or rejection of such conduct or communciation by an individual is used as a favor in decisions affecting such individual's employment, public accommodations or public services, education, or housing.

(iii) Such conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

Plaintiff has not alleged that Wentzell's actions toward her, for example, were made a condition of obtaining public services at ACMHS, were used as a factor in any decision affecting her receipt of public services at ACMHS, or had the effect of substantially interfering with the public services rendered to her at ACMHS. As observed by ACMHS and Allegan County in their supplemental brief: "If at any time the plaintiff questioned the propriety of the therapy provided, the plaintiff merely had to walk away, request a new therapist, or take her concerns to a higher authority within the County Mental Health Service." This failure to allege that Wentzell's conduct substantially interfered with her receipt of public services distinguishes plaintiff's case from *McCalla v Ellis*, 129 Mich App 452, 457-459; 341 NW2d 525 (1983), lv den 422 Mich 853 (1985), in which this Court disapproved of a trial court's denial of a plaintiff's motion to amend her complaint to allege a cause of action under the Civil Rights Act based on her rape by the defendant, her work supervisor. In *McCalla*, this Court emphasized, among other things, that the defendant, who raped the plaintiff after telling her that she would receive unearned

commissions if she would "stick with him," "apparently first linked his sexual advances to a promise of increased earnings." *Id.,* pp 455-458. In the present case, the allegations made by plaintiff in her complaint concerning Wentzell's sexual advances and assaults do not give rise to any inference that his advances and assaults were linked to plaintiff's receipt of public services at ACMHS.

Second, plaintiff argues on appeal that the trial court erred in granting the motion for summary disposition pursuant to MCR 2.116(C)(7)—the claim is barred due to immunity granted by law—concerning her claim based on the Mental Health Code, MCL 330.1722; MSA 14.800(722). The circuit court found that plaintiff's claim against ACMHS and Allegan County was barred because those defendants were entitled to the protection of governmental immunity, MCL 691.1407; MSA 3.996(107). This Court, in reviewing a trial court's grant or denial of summary disposition pursuant to MCR 2.116(C)(7), must accept all of the plaintiff's well-pled allegations as true and construe them most favorably to the plaintiff. *Male v Mayotte, Crouse & D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987).

Section 722 of the Mental Health Code, the provision upon which plaintiff relies, provides in pertinent part:

> (1) A recipient of mental health services shall not be physically, sexually, or otherwise abused.
>
> \* \* \*
>
> (4) Any recipient of mental health services physically, sexually, or otherwise abused shall have a right to pursue injunctive *and other appropriate civil relief.* [Emphasis added. MCL 330.1722; MSA 14.800(722).]

We believe that a tort claim for damages does not constitute "appropriate civil relief" under § 722 against the governmental unit and agency in this action because the unit and agency are entitled to the protection of governmental immunity and § 722 is not an exception to such immunity. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 644; 363 NW2d 641 (1984).

In support of our conclusion that § 722 is not an exception to governmental immunity in this case,[3] we quote with approbation the language of another panel of this Court:

In *Siener v Michigan,* 117 Mich App 179; 323 NW2d 642 (1982), aff'd 420 Mich 567; 363 NW2d 641 (1984), this Court stated:

"Subsection (4) extends the right to 'appropriate civil relief' to an abused recipient. Because a public mental health facility is immune from tort liability when engaged in the exercise or discharge of its governmental function, MCL 691.1407; MSA 3.996(107), damages sought in a tort action do not constitute 'appropriate civil relief' and, thus, may not be included even under this hypothetical reading. [Siener, supra, p 185.]"

Even though we have found that plaintiffs stated a claim in avoidance of governmental immunity based on the defective public buildings exception, we nevertheless conclude that a claim against the

---

[3] The four categories of activity recognized by Michigan courts for which tort liability may be imposed, despite the general rule that state and local governments and agencies enjoy the cloak of immunity, include bodily injury and property damage arising out of the failure to keep highways in reasonable repair, MCL 691.1402; MSA 3.996(102), the negligent operation of a government-owned motor vehicle by an agency's officer, agent or employee, MCL 691.1405; MSA 3.996(105), the dangerous or defective conditions in public buildings under an agency's control, MCL 691.1406; MSA 3.996(106), and the commission of an act while engaged in a proprietary function, MCL 691.1413; MSA 3.996(113). See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 593-594; 363 NW2d 641 (1984).

state pursuant to § 722 in this instance is not "appropriate civil relief" since the claim is based on the state's action or inaction in allowing the alleged abuse to occur. The state is immune from tort liability in this instance since, at the time of decedent's death, it was engaged in a governmental function. MCL 691.1407; MSA 3.996(107). Hence, summary judgment as to defendant State of Michigan was appropriate. [*de Sanchez v Genoves-Andrews*, 161 Mich App 245, 261-262; 410 NW2d 803 (1987).]

Similarly, plaintiff's claim in this case pursuant to § 722 of the Mental Health Code is not "appropriate civil relief" against ACMHS or Allegan County because it is based on the action or inaction of these defendants in allowing the alleged sexual abuse to occur and because, at the time of plaintiff's sexual abuse, ACMHS and Allegan County were engaged in a governmental function, thereby entitling them to the protection of governmental immunity as provided under MCL 691.1407; MSA 3.996(107).[4] Accordingly, the trial court did not err in granting summary disposition in favor of ACMHS and Allegan County on plaintiff's claim based on § 722 of the Mental Health Code. We decline plaintiff's apparent invitation for us to recognize § 722 as establishing a new category of activity—in addition to the four categories set forth in the governmental tort liability act, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*—for which tort liability may be imposed against a governmental agency.

Affirmed.

---

[4] In her appellate brief on this issue, plaintiff assumes that ACMHS and Allegan County were engaged in a governmental function at the time of her sexual abuse and thus would be entitled to the protection afforded by the governmental immunity act unless such protection is precluded by an exception to governmental immunity. The only "exception" upon which she relies for her claim under the Mental Health Code is § 722 of that code.