GUNN v NORTHVILLE STATE HOSPITAL

Docket No. 104349. Submitted August 2, 1988, at Lansing. Decided September 20, 1988.

Ernestine Gunn, personal representative of the estate of Frances Russell, a mentally incapacitated person, brought an action against Northville State Hospital in the Court of Claims alleging, among other things, maintenance of a defective or dangerous building and intentional nuisance. Frances Russell had been attacked by two unsupervised male patients while a patient at the hospital. The court, Carolyn Stell, J., granted summary disposition for defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The public building exception to governmental immunity applies only where an injury is occasioned by a physical defect or dangerous condition of a building itself. Here, plaintiff alleged that the injuries were the result of actions of intervening parties.

2. The facts alleged did not support an action for intentional nuisance.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

The public building exception to governmental immunity applies only where an injury is occasioned by a physical defect or dangerous condition of a building itself (MCL 691.1406; MSA 3.996[106]).

2. NUISANCE — INTENTIONAL NUISANCE — THIRD PARTIES — ASSAULT AND BATTERY.

An action for damages sustained as a result of the maintenance of an intentional nuisance may not be sustained where the

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 20 *et seq.*
Am Jur 2d, Municipal, School, and State Tort Liability §§ 150 *et seq.*
Am Jur 2d, Nuisances §§ 5 *et seq.,* 19 *et seq.*
See the Index to Annotations under Governmental Immunity or Privilege; Hospitals; Nuisances.

evidence shows the injuries to be the result of a criminal assault by a third party.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Samuel A. Meklir*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan F. Hoffman,* Assistant Attorneys General, for defendant.

Before: DANHOF, C.J., and CYNAR and G. R. DENEWETH,* JJ.

PER CURIAM. Plaintiff, as personal representative of the estate of Frances Russell, a mentally incapacitated person, brought this action against defendant Northville State Hospital. On October 21, 1987, the Court of Claims entered an order granting defendant's motion for summary disposition as to all four counts of plaintiff's complaint. Plaintiff appeals as of right only as to the dangerous or defective building count and the intentional nuisance count. We affirm.

Plaintiff's complaint alleged that, on or about March 30, 1986, Frances Russell was involuntarily admitted to defendant hospital for a period of sixty days. Plaintiff's complaint further alleged that during Ms. Russell's stay at defendant hospital, two male patients were improperly supervised and were consequently allowed to enter Ms. Russell's room where they assaulted, battered, and raped Ms. Russell.

In plaintiff's dangerous or defective building claim, plaintiff alleged that defendant:

(a) failed to realize the dangerous conditions of

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

having male and female mentally unstable individuals freely associating;

(b) failed to properly design the building for its intended purpose which would require segregation of male and female patients;

(c) allowed a dangerous building and/or condition to exist by failing to provide a security system or building design which would allow proper supervision of the patients in their custody.

(d) failed to act on the basis of previous confrontations between patients to rectify this dangerous condition;

(e) failed to adequately supervise mental patients to assure their and others safety;

(f) failed to use locks present on doors to protect patients;

(g) failed to provide adequate and reasonable mental care.

In plaintiff's intentional nuisance claim, plaintiff alleged that defendant created an intentional nuisance by allowing the two male patients to freely roam around the hospital unsupervised in violation of applicable standards of practice and defendant's ministerial duties.

On June 9, 1987, defendant moved for summary disposition as to all counts of plaintiff's complaint pursuant to MCR 2.116(C)(7) and (8). On October 21, 1987, the Court of Claims granted defendant's motion and dismissed plaintiff's complaint.

On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendant on plaintiff's dangerous or defective building claim. Plaintiff maintains that she stated a valid cause of action within the public building exception to avoid governmental immunity.

The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), provides in part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

In *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988), the plaintiff, a nursing student who was training at the Newberry Regional Mental Health Center, was sexually assaulted by one of her instructors while she was residing in a dormitory room operated by the defendant Michigan Department of Mental Health. The plaintiff claimed that her room was unsafe because of the large number of master keys in circulation among the defendant's employees. In the companion case of *Schafer v Ethridge,* a profoundly mentally retarded woman was sexually assaulted and became pregnant while she was staying in a medical ward at the Oakdale Regional Center for Developmental Disabilities. The woman's guardian brought suit alleging that the assault and pregnancy were the result of the layout of the ward which constituted a dangerous and defective condition. In the consolidated cases of *Reardon* and *Schafer,* the Supreme Court held that the Legislature intended to impose a duty to maintain safe public buildings but not necessarily safety in public buildings. *Reardon, supra,* p 417. In both cases, the Supreme Court determined that the plaintiffs' injuries were the result of the act of an intervening party rather than a dangerous or defective condition of the building itself. *Id.* Ac-

cordingly, the Supreme Court concluded that the public building exception did not apply under the facts of either case. *Id.*

In the present case, as in *Reardon* and *Schafer,* the injuries were the result of the actions of intervening parties rather than any dangerous or defective condition of the building itself. Therefore, we hold that the trial court did not err in granting summary disposition to defendant on plaintiff's defective public building claim.

Plaintiff also argues that the trial court erred in granting summary disposition to defendant on plaintiff's intentional nuisance claim. In *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 172; 422 NW2d 205 (1988), only three justices of the Supreme Court held that there is no intentional nuisance exception to governmental immunity. However, in the companion case of *Landry v Detroit,* a majority of the justices held that an intentional nuisance claim could not be sustained based on the facts in that case.

We find that the facts in the present case are similar to those in *Landry, supra,* in that both cases involve criminal assaults by intervening third parties. Accordingly, we hold that plaintiff cannot sustain an intentional nuisance claim based on the facts in this case. Thus, the trial court did not err in granting summary disposition on this issue.

Affirmed.