DE SANCHEZ v GENOVES-ANDREWS (ON REMAND)

Docket Nos. 110071, 110072. Submitted July 11, 1988, at Lansing. Decided August 21, 1989. Leave to appeal applied for.

Francine Cullari de Sanchez and Steven Jason, co-personal representatives of the estate of Thomas A. Baltus, deceased, filed a complaint in the Washtenaw Circuit Court against Dr. Aurora Genoves-Andrews and in the Court of Claims against the State of Michigan, Department of Mental Health, for the wrongful death of plaintiffs' decedent, who committed suicide while residing at the state's Ypsilanti Regional Psychiatric Hospital. The decedent had been involuntarily admitted to the hospital following an attempted suicide and was placed in the care of defendant Genoves-Andrews and other employees of the hospital. The defendants moved for summary judgment in each case on the basis that plaintiffs failed to plead facts sufficient to avoid the application of the doctrine of governmental immunity. The circuit court, Henry T. Conlin, J., granted the motion by Dr. Genoves-Andrews and the Court of Claims, Robert Holmes Bell, J., granted the state's motion. Plaintiffs appealed from both orders granting summary judgment. The appeals were consolidated by the Court of Appeals, which reversed summary judgment with respect to the public building exception to governmental immunity on the claim against the state for inadequate design of the bathroom stall and the claim against Genoves-Andrews for an alleged violation of 42 USC 1983. Summary judgment was affirmed as to all other claims. 161 Mich App 245 (1987). In so deciding, the Court specifically held that the state is a person for 42 USC 1983 purposes, but that the claim premised on that theory was barred by sovereign immunity. The Court also held that Genoves-Andrews was immune from medical malpractice liability because the allegedly tortious conduct was discretionary within the meaning of

REFERENCES

Am Jur 2d, Civil Rights §§ 3, 50; Municipal, County, School, and State Tort Liability §§ 61 et seq., 139, 179 et seq., 294 et seq.

Liability of mental care facility for suicide of patient or former patient. 19 ALR4th 7.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

*Ross v Consumers Power Co (On Reh),* 420 Mich 567 (1984). Defendants sought leave to appeal and plaintiffs sought leave to cross appeal to the Supreme Court, which, in lieu of granting leave, remanded the matter to the Court of Appeals for reconsideration in light of recent decisions of the Supreme Court involving issues of governmental immunity. 430 Mich 894 (1988).

On remand, the Court of Appeals *held:*

1. Plaintiffs' allegation that failure to design rest rooms so that patients could be observed by staff brings this case within the public building exception to governmental immunity is rejected. The allegation fails to raise a defective condition in the building itself. There is no indication that the physical configuration of the rest room was unsafe, and the relationship between the inadequacy of the rest room structure for staff observance of patients' activities within the rest room and the decedent's suicide is too tenuous to permit recovery. Summary judgment was appropriately granted as to this issue.

2. Plaintiffs' allegation that installation of bathroom stalls so that dividing bars were placed across the tops, thereby facilitating hanging by a suicidal patient, brings this case within the public building exception to governmental immunity is sufficient to withstand defendants' motion for summary judgment. The condition alleged is potentially dangerous in and of itself. Summary judgment as to this issue was inappropriate.

3. The Court of Appeals earlier holding that the state is a person for purposes of 42 USC 1983, but that plaintiffs' claim premised on that theory was barred by sovereign immunity, is abandoned. The Court now holds that the state is not a person for purposes of 42 USC 1983. Summary judgment for failure to state a claim was appropriate with respect to plaintiffs' § 1983 claim against the state.

4. Plaintiffs' allegations that Genoves-Andrews intentionally, wilfully, wantonly, recklessly, maliciously, and negligently violated the constitutional rights of the decedent in violation of § 1983 by failing to provide the medical and psychiatric care necessary to protect the decedent from his suicidal tendencies are sufficient to state a claim. The circuit court's grant of summary judgment in favor of Genoves-Andrews on plaintiffs' § 1983 claim was erroneous.

5. The circuit court did not err in granting defendant Genoves-Andrews' motion for summary judgment with respect to the claim that she was negligent in discontinuing the one-to-one suicide precaution watch and allowing the decedent to attend the rest room unsupervised. The doctor's decisions were

discretionary, thus, she was immune from liability for any negligence arising out of those decisions. Summary judgment in favor of Genoves-Andrews was appropriate as to this issue.

6. Summary judgment in favor of defendants was appropriate in regard to plaintiffs' contention that, pursuant to MCL 330.1722; MSA 14.800(722), the defendants were liable for the abuse perpetrated upon the decedent. A claim against the state pursuant to § 722 is not "appropriate civil relief" in this instance since the claim is based on the state's action or inaction in allowing the alleged abuse to occur. The state is immune from tort liability in this instance since, at the time of decedent's death, it was engaged in a governmental function. Because a suit for damages would otherwise be available against an individual state employee who is accused of abusing a mental patient, such a suit is appropriate civil relief. However, plaintiffs failed to sufficiently allege that the acts perpetrated by Genoves-Andrews on their decedent constituted abuse under § 722 of the Mental Health Code.

7. The previous Court of Appeals disposition in this case is modified to hold that allegations relating to a public building exception on the basis of the failure to design the rest room to permit staff observation and supervision of patients fail to raise a defective condition in the building itself and are barred by governmental immunity. The Court of Appeals adheres to its earlier ruling that those allegations concerning the failure to design a bathroom stall in light of the suicidal tendencies of its users are facially sufficient to survive a motion for summary judgment pursuant to GCR 1963, 117.2(1). The original disposition is adhered to in all other respects.

Affirmed in part, reversed in part, and remanded for further proceedings.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

The public building exception to governmental immunity applies only where an injury is occasioned by a physical defect or dangerous condition of a building itself (MCL 691.1406; MSA 3.996[106]).

2. CIVIL RIGHTS — VIOLATION OF CIVIL RIGHTS — PERSONS SUBJECT TO SUIT — STATE.

The state is not a person for purposes of a damage suit under 42 USC 1983.

3. GOVERNMENTAL IMMUNITY — TORTS — GOVERNMENT EMPLOYEES — MENTAL HEALTH PROFESSIONALS.

The exercise of judgment regarding the treatment of patients by

government-employed mental health professionals is a discretionary-decisional act which, even if negligent, is immune from tort liability under the governmental immunity act (MCL 691.1401 *et seq.*; MSA 3.996[101] *et seq.*).

4. GOVERNMENTAL IMMUNITY — MENTAL HEALTH — ABUSE OF MENTAL HEALTH PATIENTS.

A cause of action against the state alleging abuse of a recipient of mental health services pursuant to MCL 330.1722; MSA 14.800(722) is barred by governmental immunity.

5. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

An intentional tort is not per se excepted from governmental immunity; that immunity must give way to a claim of intentional misconduct if an examination of the allegations underlying the claim indicates that the entity was not engaged in the exercise or discharge of a governmental function at the time of the alleged misconduct.

6. GOVERNMENTAL IMMUNITY — ABUSE OF GOVERNMENTAL AUTHORITY.

The intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function for which governmental immunity would be available.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Alan Hoffman,* Assistant Attorneys General, for defendants.

Before: HOLBROOK, JR., P.J., and WAHLS and HOOD, JJ.

HOLBROOK, JR., P.J. In this appeal on remand from the Supreme Court, we have been directed to reconsider our earlier opinion in light of several recent pronouncements of the higher court on issues of governmental immunity. The claims as-

serted by plaintiffs originated in the suicide of plaintiffs' decedent at a time that the decedent was a patient in a psychiatric hospital maintained by the state and under the psychiatric care of Dr. Genoves-Andrews. Separate suits were brought in the Court of Claims against the Department of Mental Health and in circuit court against Genoves-Andrews.

A brief explanatory history is helpful to an understanding of the issues presented in this appeal. At the outset, the Court of Claims and circuit court disposed of all claims by summary judgments in favor of defendants pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8).

The first occasion for our review was precipitated by plaintiffs' consolidated appeals as of right, in which we addressed a variety of issues:

> With respect to this appeal, plaintiffs alleged the following against defendant State of Michigan:
> 1. Failure to adequately and properly design a building whereby plaintiffs' decedent would have been unable to commit suicide by hanging himself from the dividing bar inside a toilet stall.
> 2. Failure to provide the psychiatric and medical care necessary to protect plaintiffs' decedent from his suicidal tendencies in violation of 42 USC 1983.
> 3. Liability for breach of contract to provide adequate medical attention to decedent.
> 4. Liability for the "abuse" of plaintiffs' decedent in violation of MCL 330.1722; MSA 14.800(722).
> Against defendant Genoves-Andrews, plaintiffs alleged the following:
> 1. Liability for acts of medical malpractice committed during the course of ministerial duties.
> 2. Liability for deprivation of medical treatment under color of law in violation of 42 USC 2983 [*sic*, 1983].
> 3. Liability for the "abuse" of plaintiffs' decedent pursuant to MCL 330.1722; MSA 14.800(722). [*de*

*Sanchez v Genoves-Andrews,* 161 Mich App 245, 250; 410 NW2d 803 (1987).]

We reversed summary judgment with respect to the public building exception to governmental immunity on the claim against the state for inadequate design of the bathroom stall and the claim against Genoves-Andrews for an alleged violation of 42 USC 1983. Summary judgment was affirmed as to all other claims. In so deciding, a majority of our panel specifically held that the state is a person for § 1983 purposes, but that the claim premised on that theory was barred by sovereign immunity. We also held that Genoves-Andrews was immune from medical malpractice liability because the allegedly tortious conduct was discretionary within the meaning of *Ross v Consumers Power Co (On Reh),* 420 Mich 567, 633-635; 363 NW2d 641 (1984).

Defendants' subsequent application to the Supreme Court for leave to appeal and plaintiffs' application for leave to appeal as cross-appellants culminated in the remand necessitating the instant decision. *de Sanchez v Genoves-Andrews,* 430 Mich 894 (1988).

The remand order compels our reconsideration in light of recent decisions in *Canon v Thumudo,* 430 Mich 326; 422 NW2d 688 (1988), *Reardon v Dep't of Mental Health,* 430 Mich 398; 424 NW2d 248 (1988), and *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987). We interpret this remand as requiring our reconsideration of our previous disposition of the following issues: (1) the public building exception to governmental immunity, (2) the state's immunity for a claim based on 42 USC 1983, (3) Genoves-Andrews' individual immunity from alleged malpractice, and (4) the state's governmental immunity from a claim for

abuse pursuant to MCL 330.1722; MSA 14.800(722).

Our reconsideration of the state's liability pursuant to the public building exception is focused on *Reardon v Dep't of Mental Health, supra,* in which the Supreme Court held that the public building exception was limited to "an injury arising out of a dangerous or defective physical condition of the building itself." *Id.,* p 409. Applying this rule, the Court concluded that the exception was inapplicable in two cases involving residents of buildings victimized by criminal wrongdoing, which allegedly resulted from inadequate precautions in the design of the building. These conclusions appear to be based on the absence of a sufficient relationship between the danger of third-party criminal conduct and the physical state of the building structure.

Our previous conclusion regarding the public building exception relied on the principle that "[w]hether a part of a public building is dangerous or defective is to be determined in light of the uses or activities for which the building is specifically assigned." 161 Mich App 251. This principle was supported by citation to *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), and *Lockaby v Wayne Co,* 406 Mich 65; 276 NW2d 1 (1979). In application of that principle, the Court in *Bush* held that allegations that the defendant school district provided classrooms improperly designed for laboratory experiments and lacking in safety devices appropriate for a science class stated a claim within the public building exception. Similarly, in *Lockaby,* the Court held that a valid claim was stated by a prisoner sustaining self-inflicted injuries during his confinement in a cell designated for mentally impaired persons, but lacking padding or other precautions specifically

tailored to the persons incarcerated there. The Supreme Court in *Reardon* recognized the continuing viability of the holdings in *Bush* and *Lockaby* and explained that those holdings were consistent with the reasoning announced in *Reardon:*

> [In *Bush, supra*] we held that "a building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices." *Id.* at 730. We reiterate this proposition, as the holding in *Bush* is entirely consistent with today's conclusion that the injury must be occasioned by the dangerous or defective physical condition of the building itself. As long as the danger of injury is presented by a physical condition of the building, it little matters that the condition arose because of improper design, faulty construction, or absence of safety devices. [*Reardon, supra,* pp 409-410.]
>
> This legislative purpose to maintain safe public places was later echoed in *Bush, supra* at 731-732 (public building exception applicable where claimed defect is absence of safety features), and *Lockaby v Wayne Co,* 406 Mich 65, 76-77; 276 NW2d 1 (1979) (building exception applicable where plaintiff alleged lack of padding in cell where he was being held). [*Id.,* p 413.]

In our earlier opinion, we identified two distinct factual allegations made by plaintiffs in support of the public building exception: (1) failure to design rest rooms so that patients could be observed by staff and (2) installation of bathroom stalls so that dividing bars were placed across the tops, thereby facilitating hanging by a suicidal patient. Upon reconsideration, we are persuaded that the former allegation fails to raise a defective condition in the building itself. There is no indication that the physical configuration of the rest room was unsafe. The relationship between the inadequacy of the

rest room structure for staff observance of patients' activities within the rest room and the decedent's suicide is too tenuous to permit recovery under *Reardon,* where it was stated: "The Legislature intended to impose a duty to maintain safe public buildings, not necessarily safety *in* public buildings." *Id.,* p 415 (emphasis in the original). See also *Gunn v Northville State Hospital,* 171 Mich App 669; 430 NW2d 815 (1988).

However, we are persuaded that our earlier decision upholding the second allegation—the dangerous condition resulting from the dividing bars placed over bathroom stalls—remains correct in light of *Reardon.* Given that the rest room was assigned for use by potentially suicidal patients at a mental hospital, this condition was potentially dangerous in and of itself. Because the dangerous condition was inherent in the structure of the stall,[1] we believe that a sufficient allegation concerning the defective nature of the building has been pled.

We are aware that in *Schafer v Ethridge,* consolidated for decision in *Reardon, supra,* pp 416-417, the Court distinguished *Bush* on the ground that "proper supervision [in *Schafer*] would have offset any shortcomings in the configuration of the room." The instant case, however, was decided in a motion made pursuant to GCR 1963, 117.2(1), which is to be granted only if the claim, viewed in light of the allegations of the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right

[1] If the bathroom stall is not part and parcel of the building itself, a factual question exists whether it is a fixture of the building, which, if it is, would render the public building exception applicable. See *Velmer v Baraga Area Schools,* 430 Mich 385; 424 NW2d 770 (1988). However, because this issue was not raised and this case was decided on a record limited to the pleadings pursuant to GCR 1963, 117.2(1), this issue is not now properly before us.

of recovery. *Marley v Huron Valley Men's Facility Warden,* 165 Mich App 78, 81; 418 NW2d 430 (1987). At this relatively premature stage of the proceedings, we are not inclined to draw essentially factual conclusions that more extensive supervisory measures could have been reasonably implemented and that such measures would have prevented the decedent's suicide.

Next, in reconsideration of our earlier opinion of the 42 USC 1983 claim against the state, we adhere to the holding in *Smith v Dep't of Public Health, supra,* pp 553-589, that the state is not a person for § 1983 purposes. However, this conclusion does not alter our previous disposition on immunity grounds, and we again affirm the summary judgment granted to the state on the § 1983 claim. Because suit was brought against Genoves-Andrews in an individual capacity, the *Smith* decision does not affect our previous conclusion that a claim for individual § 1983 liability was properly stated.

With respect to the issue of Genoves-Andrews' individual immunity from medical malpractice, the Supreme Court's recent decision in *Canon, supra,* reinforces our previous conclusion that the alleged failure to continue suicide prevention measures is discretionary-decisional in nature: "[E]ach [allegation relating directly to the diagnosis, care, and treatment of the patient] involved decision making rather than the mere following of a prescribed line of conduct. These alleged errors in judgment suggest a latitude of choice which is the essence of professional discretion." *Id.,* p 338. See *Gillam v Lloyd,* 172 Mich App 563, 582-584; 432 NW2d 356 (1988), lv pending.

In our previous decision, we also held that a cause of action against the state alleging abuse of a recipient of mental health services pursuant to

MCL 330.1722; MSA 14.800(722) is barred by governmental immunity. We are not persuaded otherwise upon reconsideration. An intentional tort is not per se excepted from governmental immunity; that immunity must give way to a claim of intentional misconduct only if an examination of the allegations underlying the claim indicates that the entity was not engaged in the exercise or discharge of a governmental function. *Smith v Dep't of Public Health, supra,* pp 593, 603-606, 611. This determination is made with reference to the general activity engaged in by the state or its employees at the time of the alleged abuse. *Id.,* pp 605-610.

Similarly, it has been consistently held that MCL 330.1722; MSA 14.800(722) does not provide a statutory exception to governmental immunity for alleged abuse of mental health patients. *Dockweiler v Wentzell,* 169 Mich App 368, 375-377; 425 NW2d 468 (1988), lv den 431 Mich 878 (1988); *Siener v Dep't of Mental Health,* consolidated in *Ross, supra,* p 644.

We reiterate our previous holding that the state, engaged in the governmental function of providing mental health care, is immune from liability for alleged statutory abuse. Plaintiffs did not plead an "intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law," which would avoid governmental immunity. *Smith, supra,* p 611. Because our previous decision did not rely on immunity grounds in affirming summary judgment on the statutory abuse claim against defendant Genoves-Andrews, we need not address it anew.

In summation, we modify the disposition in our previous opinion in one respect—allegations relating to a public building exception on the basis of the failure to design the rest room to permit staff

observation and supervision of patients are barred by governmental immunity. We reiterate that those allegations concerning the failure to design a bathroom stall in light of the suicidal tendencies of its users are facially sufficient to survive a motion for summary judgment pursuant to GCR 1963, 117.2(1). As to the other claims, we adhere to our original disposition.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.