Louis R. RAUCH, Plaintiff,

v.

AMERITECH SERVICES, INC., Defendant.

Civil Action No. 97–40050.

United States District Court, E.D. Michigan, Southern Division.

March 2, 1998.

Stuart N. Dowty, Pitt, Dowty, Royal Oak, MI, for Plaintiff.

Phyllis G. Morey, Ameritech, Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

The instant action involves a claim by plaintiff, Louis R. Rauch, that defendant, Ameritech Services, Inc., discriminated against him in violation of the Michigan Handicappers Civil Rights Act ("MHCRA"). Before the court is defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, this court will grant defendant's motion.

### Factual Background

Plaintiff began his employment with defendant in January of 1976. From that time until late 1993, plaintiff's performance was satisfactory and he received periodic promotions. However, his circumstances changed dramatically when his supervisor was replaced in November of 1993. Beginning in December of 1993, plaintiff began experiencing headaches and insomnia due to stress at work. Plaintiff alleges that his new supervisor was harassing him.

On April 7, 1994, plaintiff's attorney, V. Paul Donnelly,[1] sent a letter to defendant indicating that plaintiff would be taking leave pursuant to the Family Medical Leave Act from April 11, 1994 to July 11, 1994. In May, defendant sent a letter to plaintiff advising him of its sickness disability plan which would entitle plaintiff to receive payments while on leave. Plaintiff opted to apply for sickness disability benefits, and he began receiving them effective April 18, 1994.

---

1. Plaintiff is represented in the instant case by a different attorney, Stuart N. Dowty.

Plaintiff was diagnosed initially by a clinical psychologist as having "adjustment reaction [with] anxious mood" and "major depression."

On January 10, 1995, defendant informed plaintiff that his sickness disability payments would terminate an April 18, 1995, as the plan is designed to extend for only one year. Defendant informed plaintiff that he could return to work before April 18, 1995, or he could apply for long term disability benefits if he was unable to return to work.

On February 20, 1995, plaintiff's attorney sent a letter to defendant indicating that plaintiff was ready to return to work "with accommodations," and requesting that defendant arrange for plaintiff's "immediate return" to work. However, the letter did not give any indication of what accommodations were required. On March 2, 1995, defendant advised plaintiff's attorney that plaintiff needed a doctor's release to return to work and that the release should specify what restrictions or accommodations would be necessary.

Despite the fact that defendant made repeated attempts to contact plaintiff and plaintiff's attorney, defendant did not receive this required information. Accordingly, on April 7, 1995, a representative from defendant's benefits department notified plaintiff that she had arranged for an independent medical examination by another doctor on April 13, 1995. Plaintiff was unable to contact his attorney the week before the appointment, and because he was apprehensive about attending the examination without consulting his attorney, he deliberately missed the appointment.

On April 17, 1995, plaintiff received a letter from defendant indicating that his sickness disability benefits were denied effective March 3, 1995 for 1) failure to comply with procedures, 2) failure to remain in contact with his case manager and supervisor and 3) failure to attend an independent medical examination. The letter indicated that plaintiff was to contact his supervisor immediately to arrange for FMLA, vacation or personal time to cover the period after March 3, 1995. The letter also indicated that plaintiff could appeal the termination of benefits. Plaintiff did not appeal his benefits, and he failed to respond to a message left by his supervisor on April 18, 1995.

On May 1, 1995, plaintiff was removed from defendant's payroll because he failed to comply with the requirements to remain on sickness disability and because he failed to contact his supervisor after his benefits had been terminated.

On May 9, 1995, plaintiff's attorney sent a letter to defendant asking that plaintiff be accommodated in a new position. Attached to that letter was a letter from plaintiff's clinical psychologist indicating that plaintiff could return to work with the restrictions of 1) working for a different supervisor, 2) working in a different location and 3) working less than full time. Defendant refused to reinstate plaintiff.

On February 6, 1997, plaintiff brought suit in Wayne County Circuit Court alleging discrimination under the MHCRA. Defendant removed the action to this court on March 6, 1997. On December 15, 1997, defendant filed the instant motion for summary judgment.

**Discussion**

**1. Standard for summary judgment pursuant to Rule 56**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party.

*60 Ivy Street Corporation v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir.1994) A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland,* 988 F.2d 649 (6th Cir.1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the exis-

tence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

### 2. Analysis

To prevail on a claim under the MHCRA, plaintiff must first establish a *prima facie* case of handicap discrimination. Defendant will then have the opportunity to rebut the *prima facie* case by showing a legitimate, non-discriminatory reason for plaintiff's termination. Finally, plaintiff will have an opportunity to demonstrate that defendant's proffered reason is merely a pretext for discrimination. *See Sherman v. Optical Imaging Sys., Inc.,* 843 F.Supp. 1168, 1177 (E.D.Mich.1994).

■ To establish a *prima facie* case under the MHCRA, plaintiff must establish the following: (1) he is handicapped; (2) his handicap is unrelated to his ability to perform his job; (3) he was discharged; and (4) there is some evidence that the employer acted with discriminatory intent. *Id.*

Plaintiff has failed to establish a genuine issue of material fact as to the elements of the *prima facie* case. Accordingly, this court will grant defendant's motion for summary judgment.

■ First, plaintiff is unable to demonstrate that he is handicapped under the MHCRA. The MHCRA provides that a "handicap" is one or more of the following:

> (i) a determinable physical or mental characteristic of an individual which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic:
>
> > (A) ... substantially limits one or more of the major life activities of that individual. ...
>
> (ii) a history of a determinable physical or mental characteristic described in subparagraph (i)
>
> (iii) being regarded as having a determinable physical or mental characteristic described in subparagraph (i)

Mich.Comp.Laws § 37.1103(e). Plaintiff is unable to show that his condition meets any part of the definition of "handicap." First, as the plaintiff himself points out, "major life activities" are defined as functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. *See Jasany v. U.S. Postal Serv.*, 755 F.2d 1244, 1248 (6th Cir.1985); *Stevens v. Inland Waters, Inc.*, 220 Mich.App. 212, 217, 559 N.W.2d 61 (1996). Moreover, "[a]n impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment elsewhere, does not substantially limit the major life activity of working." *Stevens*, 220 Mich.App. at 217, 559 N.W.2d 61. Plaintiff has offered no evidence to suggest that he was ever unable to engage in any of these "major life activities." In fact, in his deposition, plaintiff testified that he was able to go out socially, visit his parents and lift weights while on leave from employment. As a result, plaintiff is unable to demonstrate that he was "handicapped" under the MHCRA.

The cases plaintiff himself cites provide added support for this conclusion. In *McWilliams v. AT & T Information Sys., Inc.*, 728 F.Supp. 1186 (W.D.Pa.1990), plaintiff was diagnosed as suffering from severe depression and anxiety, a similar diagnosis to the instant case. The court found that plaintiff's impairment did constitute a "handicap" [2] *at that stage of the proceedings.* Notably, the motion before the court was a motion to dismiss. The court was satisfied that plaintiff should be allowed to conduct discovery to solicit evidence that might establish her claim. However, in this case, plaintiff has been given that opportunity and has failed to come forth with any evidence that his ability to engage in "major life activities" has been impaired. Moreover, the court in *McWilliams* rested its decision on the fact that plaintiff had sufficiently alleged that defen-

dant *regarded her* as handicapped. Accordingly, *McWilliams* does not support plaintiff's claim in this case that a diagnosis of severe depression and anxiety itself constitutes a "handicap" under the MHCRA.

In *Boldini v. Postmaster Gen.*, 928 F.Supp. 125 (D.N.H.1995), the plaintiff was diagnosed with "psychotic features, and a personality disorder with limited paranoid features." It was also established that plaintiff's physician had prescribed antidepressant medication nearly a year before plaintiff's last day of employment. In holding that the plaintiff was "handicapped," [3] the court in *Boldini* relied on evaluations from multiple doctors over a period of years. The situation in this case is clearly distinguishable. Plaintiff only sought an evaluation from one clinical psychologist. Further, the diagnosis in *Boldini* is much more severe than the diagnosis in this case. Plaintiff in this case was never diagnosed with "psychotic features." Therefore, plaintiff's reliance on *Boldini* is misplaced.

Accordingly, plaintiff is unable to demonstrate that he suffered from a determinable mental characteristic that substantially limited one or more major life activities. Nor does plaintiff introduce any evidence that he has a "history" of such a characteristic. As a result, the only way he can establish he is "handicapped" under the MHCRA is to establish that defendant "regarded" him as having such a characteristic. Plaintiff bases his claim that defendant regarded him as handicapped on the fact that one internal memorandum indicates that one of defendant's representatives had "concerns" regarding plaintiff's "status." *The memorandum provides:*

Just an FYI on your employee, Louis Rauch. I have approved disability benefits thru 11/2/94. He has changed MD's and has had recent medication changes. He really is not doing very well. I spoke to his providers today. They have great con-

---

**2.** In *McWilliams*, plaintiff brought suit under the Pennsylvania Human Relations Act. The definition of "handicapped" contained in that statute is materially equivalent to the definition contained in the MHCRA. *See McWilliams*, 728 F.Supp. at 1189.

**3.** In *Boldini*, the plaintiff brought suit under the Rehabilitation Act of 1973, which also contains a definition of "handicap" that is materially equivalent to the definition contained in the MHCRA. *See Boldini*, 928 F.Supp. at 130.

cerns including myself regarding his status.

(Pl.resp.br., Exh. 9.) Such evidence is clearly not sufficient to meet plaintiff's burden to overcome a motion for summary judgment. The fact that this employee expressed "concerns" about plaintiff's status does not suggest that any of defendant's employees "regarded" him as "handicapped." Plaintiff can point to no evidence that any of defendant's employees treated him differently because they regarded plaintiff has suffering from a mental impairment. The only instance cited by plaintiff is the fact that defendant set up an appointment with an independent clinical psychologist in April of 1995. Plaintiff argues that this conduct is similar to the employer's conduct in *Merillat v. Michigan State Univ.,* 207 Mich.App. 240, 523 N.W.2d 802 (1994). In *Merillat,* the plaintiff's employer ordered plaintiff to undergo a psychological evaluation based on the employer's own observations and the employer's personal belief that plaintiff suffered from some psychological impairment. *See id.* at 242–43, 523 N.W.2d 802. However, in this case, defendant scheduled the appointment merely so that plaintiff could obtain a medical release to return to work. The release was necessary, under the standard procedures of defendant's sickness disability program, because plaintiff himself had declared he could not work for medical reasons. Defendant did not schedule the appointment because one or more of its representatives personally believed that plaintiff suffered from some form of mental handicap. Plaintiff is simply unable to point to any substantial evidence that suggests any employee of defendant regarded him as "handicapped."

Accordingly, plaintiff is unable to demonstrate, as a matter of law, that he is "handicapped" under the MHCRA. Therefore, he is unable to establish a *prima facie* case of discrimination, and this court will grant defendant's motion for summary judgment.

■ Even assuming, *arguendo,* that plaintiff could establish that he was "handicapped" under the MHCRA, he has come forth with virtually no evidence that defendant acted with a discriminatory intent. As evidence of this alleged discriminatory intent, plaintiff points to defendant's refusal to reinstate him immediately after plaintiff's attorney notified defendant on February 20, 1995 that plaintiff wished to return to work. However, plaintiff's account does not properly characterize the events. Defendant responded to plaintiff's counsel within two weeks, notifying plaintiff's counsel that plaintiff was required to obtain a medical release that authorized his return to work and that listed any necessary accommodations. It was plaintiff's failure to secure this release in a timely manner that ultimately led to the denial of benefits. Plaintiff also claims that defendant's discriminatory animus is evident in the fact that defendant took "immediate action" to terminate his benefits after he missed the examination scheduled for him by defendant. However, again, plaintiff's own dilatory behavior over a period of months resulted in the termination. He was fully aware of the requirements of the sickness disability program, and he did not live up to his end of the bargain.

Defendant has produced a substantial amount of evidence that suggests it scrupulously followed its procedures in an unbiased way and that it offered plaintiff every opportunity to secure benefits and job opportunities to which he was entitled. Against this evidence, plaintiff offers only speculation and conjecture. As a result, plaintiff is unable to establish a genuine issue of material fact as to whether defendant acted with discriminatory intent.

Because plaintiff is unable to establish a *prima facie* case of discrimination under the MHCRA as a matter of law, this court will grant defendant's motion for summary judgment.

Accordingly, this court having reviewed the submissions of the parties, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56 is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's February 6, 1997 complaint is **DISMISSED with prejudice.**

**SO ORDERED.**

## *JUDGMENT*

This action came before this court, the Honorable Paul V. Gadola, District Judge presiding, and the issues having been fully presented and the court being fully advised in the premises, and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiff, Louis R. Rauch, take nothing in this action against defendant, and that his February 6, 1997 complaint be **DISMISSED with prejudice.**

**SO ORDERED.**