*736 Kelly, J.
(dissenting). I disagree with the majority’s conclusion that the trial court correctly granted defendants’ motion for summary disposition. Plaintiffs have submitted sufficient evidence to create a genuine issue of fact whether Dr. Bar-Levav discriminated against Ms. Michalski because he thought she was handicapped. Accordingly, I dissent from the majority’s opinion.
Plaintiffs brought their claim pursuant to the Michigan Handicappers’ Civil Rights Act (hcra).[1] The hcra prohibits employment discrimination on the basis of a handicap. Its definition of a handicap includes “[b]eing regarded as having a determinable physical or mental characteristic” that “substantially limits 1 or more of the major life activities of that individual .. . .” MCL 37.1103(e); MSA 3.550(103)(e). When an employer discriminates against an employee because the employer perceives the employee as handicapped, the employer is in violation of the HCRA. See Sanchez v Lagoudakis, 440 Mich 496; 486 NW2d 657 (1992), (On Remand) 217 Mich App 535; 552 NW2d 472 (1996), rev’d on other grounds (After Remand) 458 Mich 704; 581 NW2d 257 (1998).
In interpreting the scope of subsection (iii) of the HCRA using a narrow “present tense” standard, the majority gives it a meaning that the Legislature could not have intended. This Court has declined to embrace a literal construction of statutory language where such literalism would produce unreasonable and unjust results inconsistent with the purpose of the statute. DiBenedetto v West Shore Hosp, 461 Mich *737 394, 403-404; 605 NW2d 300 (2000). In disregard of this principle, the majority concludes that, to discriminate under the statute, an employer must perceive that its employee has a condition that, at the time, substantially limits a major life activity. Under this interpretation, if the employer discriminated against the employee for having a condition that would develop into a handicap in the future, it would not violate subsection (iii). No violation of the act would occur if the employer discriminated against the employee because the employer perceived that the employee had a condition that presently was becoming a handicap.
The majority notes that the hcra was amended in 1990. The amendments effected a slight change in the definition of a disability, but did not alter the well-settled purpose of the act. They did nothing to change the legislative intent or the breadth of the “regarded as” prong as stated in the act and described in Sanchez, supra. Under Sanchez, this Court determined that a plaintiff need not display symptoms of a handicap to be protected by the act. Rather, subsection (iii) is violated if an employer discriminates because it believes the employee is handicapped, even if the belief is erroneous.
The majority’s “present tense” rendering of subsection (iii) whittles the “regarded as” prong down to a nubbin. It leaves a subsection (iii) claim virtually indistinguishable from a claim under subsection (i).
Subsection (i) extends protection to those who have an “actual handicap.” In order to prevail under that subsection, an employee must show that he suffers from the symptoms of an actual disease that impedes work. In addition, the employer must be *738 shown to have based an adverse employment decision on that fact. Subsection (iii) addresses situations where an employer is erroneous in believing that the employee has a disability. But, under the majority’s standard, what would a plaintiff have to prove to recover under subsection (iii)?
For example, Ms. Michalski could not succeed merely by showing that Dr. Bar-Levav took an adverse action against her because (1) he perceived that she was in a dormant stage of MS and that (2) his perception was that she was becoming handicapped. Under the majority’s “present tense” test, she would have to show that (1) she actually exhibited symptoms typical of MS, (2) her employer perceived them as bruiting her life activities, and (3) acted on that perception by taking adverse action against her.
Additionally, despite being required to prove the manifest existence of actual symptoms, to succeed under subsection (iii), plaintiff would have to show an absence of the perceived handicapping disorder. Indeed, if she actually suffered from the handicap, recovery would be available under subsection (i), obviating any need for subsection (iii). Hence, the majority’s holding leaves such a narrow avenue for recovery under subsection (iii) that it renders the “regarded as” prong of the hcra a virtual dead letter.
Courts must, as far as possible, give effect to every phrase, clause, and word of a statute. People v Borchard-Ruhland, 460 Mich 278, 285; 597 NW2d 1 (1999). Moreover, courts should avoid unnecessarily reading any portion of a statute out of existence because of rigid adherence to the doctrines of literalism and plain meaning. See, e.g., Lane v Pena, 518 US 187, 199-200; 116 S Ct 1092; 135 L Ed 2d 486 (1996) *739 (rejecting petitioner’s invitation to read certain language out of the federal Rehabilitation Act); Mason v Wayne Co Bd of Comm’rs, 447 Mich 130, 137; 523 NW2d 791 (1994) (declining to “read out of existence” the word “crosswalks” from the highway exception to Michigan’s governmental immunity statute); Nalepa v Plymouth-Canton Community School Dist, 207 Mich App 580, 588; 525 NW2d 897 (1995) (rejecting an interpretation that “would read subsection 5 of the governmental immunity act out of the statute entirely”).
The Legislature could not have intended the literal “present tense” interpretation embraced by the majority. It is in derogation of established principles of statutory construction.
A better view would recognize that it is immaterial whether an employer who perceives an employee as having a substantial limitation, believes it to be “present” or “future.” If the employer discriminates because it perceives the employee is handicapped or is becoming handicapped, it violates subsection (iii) of the act. Thus, subsection (iii) should be interpreted to contemplate a finding of discrimination for adverse acts against an employee arising from (1) an employer’s perception of a handicap and (2) the perception that the handicap threatens work, even in the future.
The definition of “handicap” used in the hcra is similar to that used in the federal Americans With Disabilities Act (ADA). Ada case law and regulations can be guides for us in interpreting the hcra. See Stevens v Inland Waters, Inc, 220 Mich App 212, 216-217; *740 559 NW2d 61 (1996). In Sutton v United Airlines, Inc,[2] the United States Supreme Court stated:
There are two apparent ways in which individuals may fall within this statutory definitional) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual — it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.
The Court then identified that an individual may fall within the definition in another way. The ADA, it said, also protects individuals “who are regarded as impaired and who, as a result, are substantially limited in a major life activity.” Id. at 489, quoting School Bd of Nassau Co v Arline, 480 US 273, 284; 107 S Ct 1123; 94 L Ed 2d 307 (1987). In other words “having such an impairment means . . . [having] a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment . . . .” 29 CFR 1630.2(1)(2).
In the Michalskis’ case, we are reviewing a trial court’s decision to grant summary disposition. We must consider all the evidence and draw all reasonable inferences in the Michalskis’ favor. Bertrand v Alan Ford, Inc, 449 Mich 606, 617-618; 537 NW2d 185 (1995).
The majority has acknowledged that “[Ms. Michal-ski] informed defendant that she had been tentatively *741 diagnosed with multiple sclerosis and that he believed that this might substantially limit her major life activities in the future.” Federal law considers ms a physical impairment,[3] and there is no dispute here that it qualifies as a physical characteristic under the Michigan statute.
Plaintiffs presented Dr. Bar-Levav’s own testimony that he recognized ms as a degenerative neurological disease with an outcome that can be “very bad.” They alleged that, after learning that Ms. Michalski was suspected of having ms, Dr. Bar-Levav routinely criticized and berated her work, speech and appearance. When she complained of her symptoms, they asserted, he told her that God was punishing her.
Considering the factual allegations and supporting documents in a light most favorable to plaintiffs, I would find that a jury could infer that defendant regarded Ms. Michalski as handicapped. In addition, it could conclude that she was not handicapped and that defendant acted on his faulty perception in violation of the HCRA.
Plaintiffs created a genuine issue of material fact concerning whether Dr. Bar-Levav erroneously regarded Ms. Michalski as substantially limited in a major life activity because he believed her afflicted with MS. Thus, I would affirm the Court of Appeals reversal of the trial court grant of summary disposition and would remand this case to the trial court for further proceedings.
Cavanagh, J., concurred with Kelly, J.

 MCL 37.1101 et seq.; MSA 3.550(101) et seq. The hcra has been renamed the Persons With Disabilities Civil Rights Act. See 1998 PA 20.

 527 US 471, 489; 119 S Ct 2139; 144 L Ed 2d 450 (1999).

 See 45 CFR pt 84, app A.