# STATE OF MICHIGAN

# COURT OF APPEALS

NANCY BOSS,

        Plaintiff-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Defendant-Appellee.

UNPUBLISHED
April 10, 2018

No. 337682
Court of Claims
LC No. 13-000155-MZ

Before: GADOLA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the Court of Claims' opinion and order denying her motion for leave to file an amended complaint in order to substitute a fish and seafood allergy as the alleged disability underlying her claim asserting violation of the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*. The Court of Claims denied plaintiff's motion for leave to amend, holding both that it was the product of undue delay and that the proposed amendment was futile. We affirm.

## I. FACTS

Between 2002 and 2013, plaintiff was employed by defendant as a domestic service aide at the Michigan Career and Technical Institute (MCTI). In this capacity, plaintiff's duties included preparing and serving food, as well as cleaning the kitchen, dormitories, and bathrooms. In 2003 or 2004, after experiencing several allergic reactions while at work, plaintiff was diagnosed with an allergy to fish and shellfish. Plaintiff claims that exposure to fish can result in nausea, vomiting, hives, a rash, and migraine headaches. Even at a distance, plaintiff states that the smell of fish makes her feel nauseated and that she would frequently wear a gas mask when frying fish. Plaintiff also alleges that, during the course of her employment with defendant, she suffered from a left shoulder injury and "C-Dif," an intestinal infection, each of which required surgery and time off from work. As a result of her shoulder injury, plaintiff required leave from work between June and August of 2010 and again from September 2010 through October 2011. Thereafter, plaintiff required additional leave from work to undergo bowel surgery in November 2012, returning to work in January 2013. Plaintiff filed for workers' compensation benefits due to these allegedly disabling shoulder and intestinal conditions. On June 6, 2013, plaintiff resigned from her position.

-1-

On November 18, 2013, plaintiff initiated suit against defendant, claiming constructive discharge and a hostile work environment attributable to continual harassment and discrimination by her supervisors and coworkers. Count I of plaintiff's complaint asserted a claim under the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, for defendant's alleged retaliation against plaintiff for filing a workers' compensation claim for a period of disability from June 2010 through October 2011. Specifically, plaintiff alleged that after she returned to work in October 2011, MCTI supervisors and employees, knowing of plaintiff's allergy to fish, forced her to perform a disproportionate share of work with fish and seafood. Additionally, plaintiff claimed she was required to perform "onerous and dangerous work far more often than were other kitchen employees." Count II of plaintiff's complaint asserted a claim under the PWDCRA, maintaining that MCTI supervisors and employees created a hostile work environment, constituting discrimination on the basis of plaintiff's alleged disabilities of left shoulder injury and "C-Dif." The parties ultimately stipulated to the dismissal of Count I of the complaint.

In June 2016, following two years of discovery and multiple extensions of scheduling orders, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). In response, plaintiff submitted a motion requesting leave to file an amended complaint substituting her fish and seafood allergy in place of her shoulder injury and "C-Dif" as the disability underlying her PWDCRA claim in Count II of her complaint. In her motion, plaintiff conceded, "[I]t has become apparent to Plaintiff's counsel that success on Ms. Boss' PWDCRA claim, on the basis of asserting the originally identified permanent left shoulder injury, and "*C-Dif*", as the statutory disability, is doubtful." (Emphasis in original). Rather, plaintiff asserted that pleading her allergy as a disability "would significantly enhance the prospects of success on her PWDCRA claim, and would be in accordance with the evidence gleaned through the discovery process." Plaintiff's brief in opposition to defendant's motion for summary disposition was premised entirely upon and argued the merits of plaintiff's allergy as the alleged disability at issue under Count II.

The Court of Claims denied plaintiff's motion for leave to file an amended complaint on the grounds that her motion was the product of undue delay and that the proposed amendment would be futile. Accordingly, evaluating plaintiff's PWDCRA claim as originally pleaded, the Court of Claims granted defendant's motion for summary disposition, concluding that plaintiff had "essentially conceded" that summary disposition was warranted and that plaintiff's shoulder injury and "C-Dif" did not constitute "disabilities" under the PWDCRA.

II. DISCUSSION

A. UNDUE DELAY

Plaintiff first argues that the Court of Claims abused its discretion in denying her motion for leave to file an amended complaint because delay alone cannot serve as the basis for a denial and because of a lack of prejudice to defendant. Defendant contends that because discovery had closed and trial was imminent, permitting plaintiff to add a new theory of recovery premised on facts known to her at the commencement of the action would have deprived it of the opportunity to adequately prepare its defense. We agree with defendant's position.

This Court reviews a denial of leave to amend a complaint for an abuse of discretion. *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 666; 760 NW2d 565 (2008), citing *Franchino v Franchino*, 263 Mich App 172, 189; 687 NW2d 620 (2004). An abuse of discretion requires more than a simple divergence of judicial opinion. *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008), citing *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761–762; 685 NW2d 391 (2004). "Rather, an abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*, citing *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

In accordance with MCR 2.118(A)(2), leave to amend pleadings "shall be freely given when justice so requires." Motions for leave to amend should generally be granted under this lenient standard unless one of the following particularized reasons applies:

> [1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and 5] futility . . . . [*Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997), quoting *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973) (quotation marks omitted).]

Though a motion to amend may not be defeated by delay alone, denial may nonetheless be warranted if the delay was undertaken in bad faith or if the opposing party would suffer prejudice. *Id.* at 659. "Prejudice" exists when the proposed amendment "would prevent the opposing party from receiving a fair trial, if for example, the opposing party would not be able to properly contest the matter raised in the amendment . . . ." *Id.*

Under the circumstances of the present case, the Court of Claims did not abuse its discretion in denying leave to amend on the basis of undue delay. As recognized by our Supreme Court in *Weymers*:

> [A] trial court may find prejudice when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial. [*Id.*, quoting *Fyke*, 390 Mich at 663.]

These are the precise circumstances at issue here. Though the proposed amendment was premised on facts known to plaintiff when she filed her original complaint, plaintiff sought leave to amend only when she believed her last remaining claim would not succeed. Further, it is undisputed on appeal that the amendment would have introduced an entirely new theory of recovery after discovery had closed and at a stage when the case was ready to proceed to trial. Defendant was generally aware that plaintiff suffered from a fish and seafood allergy, as it was alleged in her original complaint and discussed during plaintiff's deposition. However, the Court of Claims accurately noted that these allegations "arose, not in the context of the allergy being a 'disability,' but in the context of Plaintiff's allegations of harassment/retaliation by her coworkers." Thus, to permit amendment would have significantly prejudiced defendant's ability to properly contest the matter – indeed, defendant would be placed in the position of having to

craft a new defense late in the litigation without adequate notice of the new theory and without the benefit of focused discovery.

Plaintiff seeks to distinguish this case from *Weymers*, contending that defendant would suffer no prejudice as a result of amendment because no trial date had been set and discovery could be reopened. This position is devoid of merit. As accurately observed by defendant, nothing remained but to try the case after the Court of Claims decided defendant's dispositive motion. That the court chose not to reopen discovery was a reasonable exercise of its discretion. The parties had engaged in discovery for two years and received multiple extensions, plaintiff was well aware of the facts giving rise to the proposed amendment at the inception of the case, and no sound reason for plaintiff's delay was ever advanced. Accordingly, the Court of Claims did not abuse its discretion when it denied plaintiff's motion for leave to file an amended complaint on the grounds of undue delay and prejudice.

## B. FUTILITY OF THE AMENDMENT

Though the foregoing analysis provides a sufficient basis to affirm, the Court will nonetheless address plaintiff's arguments respecting the Court of Claims' conclusion that the proposed amendment would be futile. Specifically, plaintiff maintains that the Court of Claims erroneously determined that she was able to work a wide range of jobs, minimized the severity of her allergy, and improperly considered the record evidence as opposed to testing the legal sufficiency of the proposed amendment. We disagree.

When determining the futility of a proposed amended complaint, courts consider the legal sufficiency of the claim on its face while ignoring the substantive merits of the claim. *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 139; 676 NW2d 633 (2003), citing *McNees v Cedar Springs Stamping Co*, 184 Mich App 101, 103; 457 NW2d 68 (1990). In the present case, plaintiff's proposed amendment alleging a fish and seafood allergy as the disability underlying her PWDCRA claim fails as a matter of law.

Under the PWDCRA, it is unlawful, *inter alia*, for an employer to "[d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability . . . that is unrelated to the individual's ability to perform the duties of a particular job or position." MCL 37.1202(1)(b). To establish a prima facie case of discrimination, a plaintiff must demonstrate the following elements: (1) that she is disabled as defined by the PWDCRA; (2) that the disability is unrelated to her ability to perform the duties of a particular job; and (3) that she was discriminated against in one of the ways described in the statute. *Rollert v Dep't of Civil Serv,* 228 Mich App 534, 538; 579 NW2d 118 (1998).

To sustain a claim under the PWDCRA, a plaintiff must demonstrate that her alleged impairment falls within the following statutory definition of a "disability":

(i) A determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic:

-4-

(A) [S]ubstantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's qualifications for employment or promotion. [MCL 37.1103(d).]

This Court has defined "major life activities" as including " 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.' " *Stevens v Inland Waters, Inc*, 220 Mich App 212, 217; 559 NW2d 61 (1996), quoting *Dutcher v Ingalls Shipbuilding*, 53 F3d 723, 726 (CA 5 1995).

Plaintiff alleges that her allergy substantially limits the major life activity of working. However, "the inability to perform a *particular* job does not constitute a substantial limitation." *Chiles v Machine Shop, Inc*, 238 Mich App 462, 478; 606 NW2d 398 (1999). Rather, "the impairment must significantly restrict an individual's ability to perform at least *a wide range of jobs*." *Id*. (emphasis added), citing *Stevens*, 220 Mich App at 218, and *Halperin v Abacus Technology Corp*, 128 F3d 191, 199 (CA 4, 1997). That is, "[a]n impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment elsewhere, does not substantially limit the major life activity of working." *Stevens*, 220 Mich App at 218.

Under this standard, Plaintiff's allergy does not constitute a disability because, as determined by the Court of Claims, it does not preclude her from successfully performing a wide range of jobs. Plaintiff contends that, given the large number of restaurants that serve fish and seafood dishes, her inability to work in an environment with such ingredients would pose a significant impediment to obtaining employment within the food service industry. This argument is unpersuasive, as plaintiff remains capable of performing a vast number of jobs that do not involve working with fish or seafood. Even crediting plaintiff's assertions regarding the severity of her allergic reactions, she has not alleged facts or otherwise demonstrated that her allergy prevents her from working in an environment that is free of fish or seafood. Indeed, plaintiff testified during her deposition that she currently works as a substitute teacher. At best, plaintiff's allegations would establish only that her allergy prevented her from performing her job as a kitchen worker at MCTI but not that she was incapable of performing a wide range of jobs.

Further, plaintiff is not disabled under the PWDCRA because her alleged impairment is not "unrelated to [her] ability to perform the duties of a particular job or position . . . ." MCL 37.1103(d)(1)(A). " 'Unrelated to the individual's ability' means, with or without accommodation, an individual's disability does not prevent the individual from . . . performing the duties of a particular job or position." MCL 37.1103(l). Stated another way, the protections provided by the PWDCRA extend only to those who can perform the essential functions of their jobs, either with or without reasonable accommodation. See *Peden v City of Detroit*, 470 Mich 195, 222; 680 NW2d 857 (2004) (upholding dismissal of a PWDCRA claim where the plaintiff was unable to perform the essential functions of his position as a police officer). The employer defines the essential duties of any given position, and the employer's judgment with respect to those duties is afforded substantial deference. *Id*. at 217-218.

In the present case, the Division Director of MCTI stated that working with fish is an essential duty of plaintiff's former position as a kitchen worker. Plaintiff has offered no evidence overcoming the deference extended to defendant's judgement in this respect. See *id*. at 219 ("[T]he plaintiff bears the burden of presenting sufficient evidence to overcome this deference."). Because plaintiff claims she experiences allergic reactions to the smell of fish even from rooms away, the only effective accommodation would be to remove all fish and seafood from the facility. Such accommodation would be patently unreasonable. Plaintiff's inability to work in the same environment as fish and seafood thus establishes that she is unable to perform the essential duties of a kitchen worker. Accordingly, plaintiff's proposed amendment to her Count II PWDCRA claim would be futile.

Although this Court concludes that plaintiff's proposed amendment was legally insufficient on its face, it will address plaintiff's argument that the Court of Claims erred by relying on the record evidence. Specifically, plaintiff contends that, in deciding motions for leave to amend, courts must presume the factual allegations to be true rather than consult the evidence. However, the Court of Claims' references to the record evidence were not improper, as the court merely referenced facts also alleged in plaintiff's proposed amended complaint:

> [T]he evidence of record shows that Plaintiff could work in a kitchen environment; in fact, she admits on page 12 of her response to Defendant's motion for summary disposition that she "was able to perform successfully the duties of her long-time position." While the evidence shows that her allergy made this type of work unpleasant, it does not indicate that the allergy "significantly restrict[s]" her "ability to perform at least a wide range of jobs."

Thus, the court noted that plaintiff was generally capable of working in a kitchen environment, given that she had performed her work successfully for a long period, and even though her allergy made working with fish unpleasant. Likewise, plaintiff's proposed amended complaint alleged that, over her 11 years of employment with defendant, she "performed her job duties in a manner that was satisfactory or better," even though she suffered from severe allergic reactions as a result of contact with fish or seafood.[1] Accordingly, the court's references to the record were not improper.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[1] This Court also notes that plaintiff's brief in opposition to defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) extensively relied upon the record evidence in arguing the legal and factual merits of her proposed amended complaint.